ESPAÑOL

 **621**

VCX LIMITED, INC., a Nevada
corporation, Plaintiff–counter–
defendant–Appellee,

v.

PIERRE PRODUCTIONS, INC.,
a corporation of unknown
citizenship, Defendant,

and

James Bochis, Defendant–counter–
claimant–Appellant.

No. 04–56976.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2006 *.

Filed Dec. 12, 2006.

Timothy C. Riley, Esq., Law Offices of
Timothy C. Riley, Pasadena, CA, for Plaintiff–counter–defendant–Appellee.

Daniel A. Martorella, Esq., Daniel A.
Martorella & Associates, San Diego, CA,
for Defendant–counter–claimant–Appellant.

Before: PREGERSON, HALL, and
HAWKINS, Circuit Judges.

MEMORANDUM **

Respecting the district court's determination that Appellant James Bochis's post-deposition declaration was more contradiction than explanation, *compare Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (9th Cir.1975), *with Messick v. Horizon Industries*, 62 F.3d 1227, 1231 (9th Cir.1995),[1] we affirm the grant of summary judgment. Upon excluding Bochis's declaration, the court properly found that Bochis had not controverted VCX Limited's evidence that the Perainos (who Bochis had testified were licensees of the copyright registrant, Pierre Productions) were exhibiting the film without the copyright notice, thus injecting the film into the public domain (and rebutting any pre-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We review this decision to exclude evidence for an abuse of discretion. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir.2005); *see also Sports Racing Servs. v. Sports Car Club of Am.*, 131 F.3d 874, 894 (10th Cir.1997).

sumption of the validity of the copyright registration). *See Acad. of Motion Picture Arts and Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1451–52 (9th Cir.1991) (presumption of validity may be rebutted by evidence work has entered public domain).

We decline to reach Bochis's argument regarding the proper corporate name of VCX Limited, Inc., as it is not properly presented for the first time on appeal. *See United States ex rel. Reed v. Callahan*, 884 F.2d 1180, 1183 n. 4 (9th Cir.1989).

Because we conclude the district court did not commit legal error in granting the summary judgment motion, the district court likewise did not abuse its discretion in denying Bochis's Rule 60(b) motion. *See* Fed.R.Civ.P. 60(b); *Liberty Mut. Ins. v. EEOC*, 691 F.2d 438, 441 (9th Cir.1982) (errors of law may be corrected under Rule 60(b)).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.